IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM J. PARKER, | ) |
| | ) Criminal No. 4:03-381-TLW |
| Petitioner, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the Court for consideration of the *pro se* motion to vacate sentence filed by the Petitioner, William J. Parker ("Petitioner" or "Defendant"). (Doc. # 162). The Respondent, United States of America, ("Government"), has responded with a Motion to Dismiss, re-characterizing Petitioner's filing as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Doc. # 163).

"[A] district court may not re-characterize a prisoner's filing as a § 2255 petition without notifying the prisoner of its intent to re-characterize the motion, warning the prisoner of the effects of re-characterization, and giving the prisoner an opportunity to withdraw or amend his motion." United States v. Blackstock, 513 F.3d 128, 131 (4th Cir. 2008); see also Castro v. United States, 540 U.S. 375 (2003).

Upon review, the Court is of the opinion that the Petitioner's present filing should be converted to a motion under 28 U.S.C. § 2255. Thus, Petitioner is hereby notified that the Court intends to re-characterize his present filing as a motion to vacate, set aside, or correct sentence

under 28 U.S.C. § 2255[1] unless the Court hears to the contrary within twenty (20) days from the date of this Order.

In deciding whether to proceed under § 2255, Petitioner is advised of the following:

(1) Only one § 2255 motion is permitted to be filed.

(2) A prisoner is not entitled to file a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

(3) There is a one-year limitation period within which to file a § 2255 motion. A § 2255 motion must be filed within one year of the latest of:

>  (A) the date on which the judgment of conviction becomes final;
>
>  (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After informing Petitioner of the Court's intent to re-characterize his filing under § 2255 and the effects of such re-characterization, Petitioner shall have twenty (20) days from the date of this Order in which to inform the Court, in writing, if he does not wish for his filing to be construed as a § 2255 motion. If, at the end of that twenty-day period, the Court has not received a response from Petitioner, then Petitioner's present filing will be re-characterized as a § 2255

---

[1] Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

motion to be filed in United States v. Parker, Cr. No. 4:03–cr–00381–TLW (D.S.C.).  However, if Petitioner does file an objection to re-characterization, the present filing will be ruled on as styled.

**IT IS SO ORDERED**.


July 16, 2012  __s/Terry L. Wooten_____
Florence, South Carolina  United States District Judge